UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREMOST FRESH DIRECT, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CHANDLER TOPIC COMPANY, INC., a Minnesota corporation,<br><br>Defendant. | Case No.  1:22-cv-00926-JLT-BAM<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND TIME FOR SERVICE OF SUMMONS AND COMPLAINT**<br><br>(Doc. 5)<br><br>**ORDER CONTINUING STATUS CONFERENCE** |

Currently before the Court is the *ex parte* application of Plaintiff Foremost Fresh Direct, LLC ("Plaintiff") to extend the time for service of the summons and complaint on Defendant Chandler Topic Company, Inc., a Minnesota corporation.  (Doc. 5.)

Rule 4 of the Federal Rules of Civil Procedure governs the time limit for service of the summons and complaint and provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Thus, a showing of good cause requires the Court to grant an extension of time for service.  *Id.*  However, absent a showing of good cause, the Court also has discretion under Rule 4(m) to either order that service be made within a specified time or to dismiss the

1

1 action without prejudice. *See id.; In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("[U]nder the
2 terms of the rule, the court's discretion is broad.").

3   Here, Plaintiff states that the current deadline to serve Defendant is October 24, 2022.
4 Plaintiff seeks an additional ninety (90) days to effectuate service. Plaintiff reports that it has
5 attempted service upon Defendant a total of six times. Plaintiff also attempted to provide
6 Defendant with a draft of the complaint and a demand letter prior to initiating this action, but was
7 unable to reach Defendant at two alternative addresses. (Doc. 5 at 3.) Plaintiff now intends to
8 attempt service at different addresses for which there are records of Defendant or Defendant's
9 agents or principals. Alternatively, if Plaintiff is still unable to serve Defendant, then Plaintiff
10 may move this Court for an order authorizing alternative means of service. (*Id.*)

11   Having considered the *ex parte* application and supporting declaration, the Court finds
12 good cause to extend Plaintiff's time to serve Defendant. Accordingly, IT IS HEREBY
13 ORDERED:

14   1. Plaintiff's *Ex Parte* Application to Extend Time for Service of Summons and
15      Complaint is GRANTED (Doc. 5), and the time for Plaintiff to serve Defendant with
16      the summons and complaint is extended to December 23, 2022; and

17   2. Based on the extension of time, the Status Conference currently set for 10/26/2022, is
18      HEREBY CONTINUED to **January 26, 2023, at 9:30 a.m. in Courtroom 8 (BAM)**
19      **before Magistrate Judge Barbara A. McAuliffe**. The parties shall appear at the
20      conference remotely with each party appearing either via Zoom video conference or
21      Zoom telephone number. The parties will be provided with the Zoom ID and
22      password by the Courtroom Deputy prior to the conference. The Zoom ID number
23      and password are confidential and are not to be shared. Appropriate court attire
24      required.

25
26 IT IS SO ORDERED.

27   Dated:   **October 24, 2022**            /s/ *Barbara A. McAuliffe*
28                                             UNITED STATES MAGISTRATE JUDGE